Filed 6/15/26  P. v. Ramirez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085635 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD141948) |
| v. | ORDER MODIFYING OPINION AND DENYING REHEARING |
| DANIEL RAMIREZ, | |
| Defendant and Appellant. | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed on May 20, 2026, be modified as follows:

1. On page 4, last paragraph, remove the second sentence and replace with the following sentence:

> The People's opposition brief asserted that in 1990, at the age of 14, he invaded a home and raped a 13-year-old girl.

2. On page 4, last paragraph, add a footnote after the revised second sentence, as follows:

> After our initial opinion was issued, Ramirez's appellate counsel filed a request to modify the opinion asserting the juvenile court made a true finding only under section 261.5, which criminalizes unlawful sexual intercourse, not rape.

However, counsel does not provide a record citation to support this assertion.  The only references to the crime contained in the appellate record are the People's opposition brief, characterizing the crime as rape and the probation report prepared for Ramirez's initial sentencing.  That report indicates there was a true finding under section 261.5, but explains that Ramirez was charged under "PC 288 (b):Lewd & Lascivious Act Upon The Body Of a Child[;] PC2 61(a): Unlawful Sexual Intercourse by force[;] PC261 (5): Unlawful Sexual Intercourse[;] PC288(a)(c): Oral Copulation By force[;] PC 459: Burg" and states:  "This incident occurred when the then 14-year old defendant and a companion entered the 13-year old victim's home, and she reported that the defendant forcibly had sex with her.  The victim told deputies that she and the defendant were prior acquaintances, but were not boyfriend and girlfriend and had never had a sexual relationship.  A medical examination of the victim at Children's Hospital revealed significant findings."

There is no change in judgment.

The petition for rehearing is denied.

MCCONNELL, P. J.

Copies to:  All parties

Filed 5/20/26  P. v. Ramirez CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL RAMIREZ,<br><br>    Defendant and Appellant. | D085635<br><br>(Super. Ct. No. SCD141948) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielson, Judge.* Affirmed.

Annie Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Arlyn Escalante, Deputy Attorney General, for Plaintiff and Respondent.

---

\*      Retired Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

In 1999, a jury convicted Daniel Ramirez of conspiracy, robbery, and assault with a semiautomatic firearm.  Thereafter, the trial court sentenced Ramirez to a total prison term of 45 years to life.  In 2024, Ramirez requested resentencing under reforms that were made to the sentencing laws after his conviction.  The court granted Ramirez's request, in part, and resentenced him to a term of 35 years to life consisting of 25 years to life for count 2, plus 10 years for a gun enhancement, and two five-year terms for two prior felony convictions.  On appeal from the resentencing order, Ramirez contends the court applied an erroneous legal standard to deny his request to dismiss the 10-year gun enhancement term imposed under Penal Code section 12022.53, subdivision (b).[1]  Alternatively, Ramirez argues the court abused its discretion by declining to strike that term.  As we shall explain, we reject Ramirez's arguments and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, Ramirez and two or three other men entered a residence and bound and assaulted three victims inside.  Ramirez and the other perpetrators, all armed with guns, ransacked the house, pistol-whipped the victims, and stole jewelry, cash, electronics, and guns.  Ramirez was eventually arrested and brought to trial.  In 2001, a jury convicted him of one count of conspiracy (count 1; § 182, subd. (a)(1)), three counts of first-degree robbery (counts 2–4; § 211 & § 212.5), and three counts of assault with a semiautomatic firearm (counts 5–7; § 245, subd. (b)).  The jury also found true allegations attached to each count that Ramirez was personally armed (§ 12022.5, subd. (a)(1)) and each felony was committed with a firearm

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

(§ 12022, subd. (a)(1)). In addition, the jury found true firearm enhancement allegations attached to counts 2, 3, and 4 under section 12022.53, subdivision (b). Ramirez also admitted to committing the felonies while he was released on bail (§ 12022.1, subd. (b)).

In 2001, the trial court sentenced Ramirez to a total prison term of 45 years to life. The sentence consisted of 25 years to life for count 2 under the Three Strikes Law, plus 10 years for the gun enhancement under section 12022.53, subdivision (b), and two five-year terms for two prior felony convictions under section 667, subdivision (a)(1). The court imposed concurrent terms of 25 years to life on counts 3 and 4, and imposed and stayed, under section 654, terms of 25 years to life on counts 1, 5, 6 and 7. The court also imposed and stayed additional enhancement terms attached to each count.

In 2024, Ramirez wrote to the trial court asking the court to resentence him under changes to the sentencing laws that had occurred since his convictions. After receiving Ramirez's request, the court appointed counsel for Ramirez and initiated a recall and resentencing hearing under section 1172, subdivision (a). After receiving briefing from Ramirez's appointed counsel and the district attorney and conducting a resentencing hearing, the trial court resentenced Ramirez. The court exercised its discretion under section 1385 to strike the two five-year serious felony prior prison terms under section 667, subdivision (a)(1), but otherwise imposed the same sentence. The court declined to strike Ramirez's prior strike convictions or the gun enhancement under section 12022.53, subdivision (b). Consequently, Ramirez's prison sentence was reduced from 45 years to life to 35 years to life.

## DISCUSSION

On appeal from the resentencing order, Ramirez contends the trial court applied an improper legal standard in declining to strike his firearm enhancement by focusing on his risk of violence at the time he committed the crimes, rather than at the time of his parole eligibility. Ramirez also argues that even if the court used the correct legal standard, it abused its discretion by not striking the firearm enhancement because there is no substantial, credible evidence that dismissal of the term would endanger public safety.

### I

### *Additional Background*

At the resentencing hearing, the trial judge explained that he had "read and considered all the materials that [had] been given to [him] about the case at hand and the prior serious violent felonies," including Ramirez's brief and attached exhibits. The judge also heard arguments from both parties.

Ramirez's brief and his counsel's argument at the resentencing hearing emphasized Ramirez's record of rehabilitation and readiness to reenter society. Ramirez submitted evidence of numerous completed rehabilitation courses, educational programs, and positive reports from prison staff. Ramirez also argued his lack of serious disciplinary history while in prison, and his current age and time served reduced his risk for future violence. At the time of the hearing, Ramirez was 49 years old and had served 24 years of his sentence. He also explained that he had a plan for reentry into society that included drug relapse prevention.

The People opposed the resentencing request and emphasized Ramirez's violent past, which included juvenile and adult convictions for violent felonies, and his recent prison rule violations. In 1990, at the age of 14, he invaded a home and raped a 13-year-old girl. In 1994, Ramirez

4

committed armed robbery of a furniture store, and in 1995, he committed armed robbery of a bank in which he shot a customer.  Ramirez was released on parole for the bank robbery in July 1997, then in October 1998, while still on parole, he stabbed a man at a party.  While on bail for the stabbing, he committed the underlying offenses.  In addition, Ramirez committed four prison rule violations between 2020 and 2024.  In 2020, he engaged in a conspiracy to smuggle Suboxone into prison, in 2022 he was found to be in possession of a prohibited computer tablet and memory cards, in 2023 he was found to be in possession of prohibited computer files and pornographic images, and in 2024 he altered a computer tablet to obtain full access of the internet.

## II

### *Legal Standards*

"Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to include subdivision (c).  (Stats. 2021, ch. 721.)  Section 1385[, subdivision] (c)(1) provides that '[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.'  (§ 1385[, subd.](c)(1); see Stats. 2021, ch. 721.)  Section 1385[, subdivision] (c)(2) provides as follows:  'In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  "Endanger public safety" means there is a likelihood that the dismissal of the enhancement would result in physical

injury or other serious danger to others.' " (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*).)

Thus, if the court finds the dismissal of the enhancement would endanger public safety, it is not required to consider the mitigating factors in section 1385, subdivision (c)(2). (*Mendoza, supra*, 88 Cal.App.5th at p. 297.) To analyze whether dismissal of the enhancement would endanger public safety the law directs the trial court "to consider, among other things, the date on which the defendant would be released under the revised sentence." (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 229 (*Gonzalez*).)

We review a trial court's decision to not strike a sentence enhancement under section 1385, subdivision (c)(1) under the highly deferential abuse of discretion standard of review. (*Mendoza, supra*, 88 Cal.App.5th at p. 298.)

### III

### *Analysis*

As stated, Ramirez asserts that the court used an improper legal standard in declining to strike his firearm enhancement by focusing solely on his prior convictions. Specifically, Ramirez alleges that the trial court failed to consider whether, "at the time of his release, dismissal of the enhancement would endanger public safety." (Italics omitted.) The Attorney General responds that the trial court applied the proper standard.

The appellate record does not support Ramirez's assertion that the trial court applied an incorrect legal standard. Ramirez contends that "the trial court did not address whether appellant was currently a danger to society or whether he would be so at the time of his release if the enhancement were dismissed" and that the "court only considered appellant's past crimes, which were committed more than 25 years prior to the hearing."

6

As an initial matter, we presume the trial applied the law correctly. (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume the trial court knew the law and followed it."].) In addition, the record shows that both Ramirez's appointed counsel and the district attorney set forth the proper standard for dismissal of the gun enhancement in their briefing and argued the same at the resentencing hearing. Specifically, both parties briefed section 1385, and Ramirez's appointed counsel argued mitigating factors. Given these facts, there is no support for Ramirez's assertion that the court failed to consider the risks to public safety that would be created by his earlier parole eligibility, and instead focused solely on his past crimes. Indeed, the court stated it was "aware of the authority under [section] 1385 … to select the most appropriate of th[e] enhancements and to stay the balance of the enhancements or strike the balance of the enhancements."

In *Gonzalez*, which Ramirez relies on, the trial court considered only whether the defendant posed a danger to the public at the time of the hearing, rather than at the time he became eligible for parole. In contrast, the record here does not indicate that the trial court failed to consider whether Ramirez would be a threat to public safety at the time of his potential future parole. (See *Gonzalez, supra,* 103 Cal.App.5th at p. 230.)

Ramirez has also not shown that the court abused its discretion by declining to strike the gun enhancement. The evidence before the trial court supported its implicit finding that Ramirez would be a danger to society if his sentence were shortened and he became eligible for an earlier parole. Ramirez had a long history of violent felonies before he was sentenced to prison, including committing offenses while on parole and while on bail. Even given the passage of time since his convictions, this evidence supported

7

the court's finding that Ramirez posed a risk to society if paroled earlier. The crimes committed by Ramirez were extremely violent, including shooting an innocent bystander, stabbing a victim, and tying up and assaulting the robbery victims in the underlying offenses. In addition, Ramirez's string of prison rule violations, including one committed the same year as the resentencing proceeding, support the trial court's conclusion that Ramirez continues to pose a threat to public safety. (See *Mendoza, supra,* 88 Cal.App.5th at p. 299.)

In sum, Ramirez has not shown the trial court abused its wide discretion by failing to strike the enhancement. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376–377 [" ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review" ' "].)

DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:

DATO, J.

RUBIN, J.

8